**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**LAKHRAJ MANOHAR**                                                                           **PLAINTIFF**

**V.**                           **CASE NO. 3:14-CV-00246 JM-BD**

**MATT HALL**                                                                                       **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

 Mail all objections to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**II.**  **Discussion:**

 Lakhraj Manohar, an inmate at the Craighead County Detention Facility ("Detention Facility"), filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendant Matt Hall used excessive force against another inmate. (Docket entry #1)

 Federal courts must screen prisoner complaints that seek relief against a government entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a for relief; or that seek money from a defendant who is immune from paying damages are to be dismissed before the defendants are served. 28 U.S.C. § 1915A.

 In order to have standing, a person must have suffered "an injury in fact" as a result of a defendant's conduct. See *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008). As a general rule, a plaintiff can assert claims only for his own injury, and not claims based on the legal rights of others. *Id*. at 904 (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). Because Mr. Manohar cannot sue on behalf of another inmate, his excessive-force claim must be dismissed.

 Furthermore, Mr. Manohar's allegation that guards at the Detention Facility pointed tasers at inmates for complaining about unsanitary conditions does not state a

federal claim for relief.  See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir.1985) ("[v]erbal threats do not constitute a constitutional violation") and *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).  Moreover, Mr. Manohar does not allege that he complained about conditions at the Detention Facility; nor does he allege that a taser was pointed at him.  Mr. Manohar also fails to identify the individual who pointed the taser.

To the extent that Mr. Manohar complains about unsanitary conditions at the Detention Facility, this claim also fails.  Mr. Manohar explains that Detention Facility officials turned the water in the inmates' cells off to repair a plumbing problem.  During that limited time period, inmates could not flush the toilets.  Assuming Mr. Manohar's allegations to be true, this allegation does not to rise to the level of a constitutional claim.  See *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation).

### III. <u>Conclusion</u>:

The Court recommends that Mr. Manohar's claims be DISMISSED, without prejudice, based on his failure to state a federal claim for relief.

DATED this 5th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE